ALLEN HARNE vs. THE STATE OF MARYLAND.

*Criminal Pleading—Sufficiency of the averments in an Indictment for an Assault and Battery.*

The sixth count of an indictment for an assault and battery, charged as follows : "That Allen Harne on the twenty-fourth day of August, in the year of our Lord, eighteen hundred and seventy-two, with force and arms, at the county of Washington, aforesaid, in an upon one —— in the peace of God, and the said State then and there being, did make an assault, and 'him the said John Delosier, did then and there beat, bruise, wound, &c. to the great damage of the said John Delosier, and against the peace, government and dignity of the State." On demurrer to this count, it was HELD :

That the count was sufficiently certain to inform the accused of the offence with which he was charged, and of the party upon whom it was committed ; and the demurrer was, therefore, overruled.

WRIT of ERROR from the Circuit Court for Carroll County.

The appellant was indicted in the Circuit Court for Washington County for an assault and battery upon one John Delosier. At the suggestion and upon the affidavit of the accused, the case was removed to the Circuit Court for Carroll County. The indictment contained six counts. The traverser demurred to the sixth count, which is set out in the opinion of this Court. The Circuit Court overruled the demurrer, and the accused thereupon pleaded "not guilty" and went to trial. The jury rendered a verdict of guilty on the sixth count of the indictment and not guilty on the others. The accused appealed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, GRASON, ALVEY and ROBINSON, J.

*James A. C. Bond*, for the plaintiff in error.

*Attorney General Syester*, for the State.

GRASON, J., delivered the opinion of the Court.

This case is before us upon a writ of error, and the only error assigned is in overruling the demurrer to the sixth count of the indictment. · That count charges " that Allen Harne, on the twenty fourth day of August in the year of our Lord eighteen hundred and seventy two, with force and arms at the County of Washington aforesaid, in and upon one————in the peace of God and the said State, then and there being, did make an assault, and him the said John Delosier, did then and there beat, bruise, wound, &c., to the great damage of the said John Delosier and against the peace, government and dignity of the State."

The defect, alleged to exist in this count, is the omission to state the name of the party upon whom the assault was committed. The rules of criminal pleading require the nature of the offence and the party upon whom it was committed, to be stated with such certainty that the accused may know what he is called upon to answer. We think that the count demurred to, sufficiently describes both the offence and the party injured. It charges that Allen Harne committed the assault, and that he then and there beat, bruised and wounded John Delosier. It is not claimed that a *battery* is not sufficiently charged, but that the count does not state the party upon whom *the assault* was committed. It is clear that a *battery* cannot be committed without including an *assault*, and the count charges that the plaintiff in error commttted an assault, and then goes on to charge that *then* and *there* the said John Delosier was beaten, wounded, &c. We are of opinion that the count was therefore sufficiently certain to inform the accused of the

offence with which he was charged and the party upon whom it was committed. The averment that the accused "on the twenty fourth day of August, 1872, committed an assault, and him, the said John Delosier, did *then and there* beat," &c., is a sufficiently certain averment that the accused *assaulted* John Delosier, as well as that he committed the battery upon him. We are of opinion that the Circuit Court committed. no error in overruling the demurrer and its judgment will be affirmed.

*Judgment Affirmed.*

(Decided 20th February, 1874.)